IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BRIAN PATRICK BERIGAN, SR.**,

    Plaintiff,

vs.                                                                                                                             No. CIV. 11-1079 JP/RHS

**STATE OF NEW MEXICO;**
**COUNTY OF BERNALILLO**,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

On December 9, 2011, Pro Se Plaintiff Brian Patrick Berigan, Sr. Filed an application to proceed in district court without prepaying fees or costs [hereinafter called a motion to proceed *in forma pauperis* ("IFP")] (Doc. 2). The Court has a concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory).

In screening the complaint the Court resolves the issue whether it states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

**I.      Plaintiff Berigan has failed to establish indigency.**

To proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Berigan, who is 53 years old and single with no dependents, now receives $705/month from Social Security disability benefits. *See* Doc. 2 at 2. He states that he has no cash or assets, but he does not include any amount as income that he most likely receives in food-stamps. Berigan pays rent and utilities of $550/month. *See id.* at 4. Although the current national monthly average "thrifty food plan" costs for a single person in Berigan's age group is about $165/month[1], Berigan claims he spends $200/month on food, *see id.*, but some of those costs may be paid by food stamps. And although he most likely receives medicare and medicaid benefits, Berigan states that he spends $25/month on medical/dental expenses. *See id.* Although he does not work, Berigan spends $40/month on clothing. He spends $60/month on recreation/entertainment. On these facts, the Court concludes that Berigan has sufficient income to

---

[1]   *See* Official USDA Food Plans, Average for October, 2011, located at http://www.cnpp.usda.gov/USDAFoodCost-Home.htm.

pay both for the necessities of life and for filing fees. But as discussed below, even if Berigan were indigent, the Court would still deny his motion to proceed IFP and dismiss the Complaint.

## II.     Allegations in the Complaint

Berigan is suing the State of New Mexico and Bernalillo County under 42 U.S.C. § 1983 for alleged violation of his civil rights. *See* Compl. at 1. He sues the State and alleges "state action" because "the judges represented the state in the prosecution of plaintiff." *Id.* He alleges state action by the County because "the District Attorneys Office of Bernalillo County prosecuted . . . the Plaintiff." *Id.* at 2.

Berigan was arrested and indicted for aggravated battery with a deadly weapon and tampering with evidence in June 2007 after he was involved in a fight with a man who suffered a "2" laceration to the lower right back." *Id.*; *id.* at 14. After a 14-month incarceration[2], Berigan was tried for the crimes, but the state court declared a mistrial for juror misconduct on December 3, 2009. *See id.* at 8. Thereafter, the State filed a "nolle prosequi" and Berigan was released. *Id.*

For his first claim, it appears that Berigan is attempting to bring a § 1983 action against the State and Bernalillo County based on alleged malicious prosecution. *See id.* at 9. He describes the claim as one for "false information, sixth amendment and fourteenth amendment violations against Plaintiff." *Id.* In support, he alleges that Officer J. Smith testified before the grand jury, and that on the basis of his testimony and the criminal complaint, Plaintiff was indicted for a felony. *See id.* He states that other officers interviewed the victim and took pictures of his wounds at the hospital,

---

[2] While he was incarcerated and awaiting trial, Berigan filed a similar civil-rights suit based on the same set of facts against the State, the City of Albuquerque and its police department, and eleven individuals, including Judge Ross Sanchez, Officer J. Smith, and District Attorney David Waymire. *See Berigan v. State*, No. 08cv736 JH/ACT Doc. 1 (D.N.M. Aug. 6, 2008). The Court *sua sponte* dismissed his Complaint without prejudice after Berigan failed to comply with Court orders and our local rules. *See id.* Doc. 7 (Order of Dismissal filed Dec. 12, 2008).

and that their supplemental reports "contradict those of J. Smith, thus proving that J. Smith quite possibly perjured himself" before the grand jury. *Id.* He also contends that the State withheld evidence – the supplemental reports and pictures – that he believes would have resulted in the grand jury issuing an indictment against him only for a misdemeanor, instead of for a felony, had they seen the withheld evidence. *See id.* at 4.

Berigan's second claim lists several repeated or related violations: "false imprisonment, XIV Amendment, IV, Depriving Plaintiff of Life, Liberty, Pursuit of Happiness without due process of law; VI Amendment; Deprived Plaintiff a 'Speedy Trial;' VIII Excessive Bail, Punishment." *Id.* at 10. In support, Berigan alleges that the State deprived him of liberty by "failing to present a witness for cross-examination in a pre-trial interview and failed to present its case on five separate trial settings" by requesting continuances. *Id.* He complains that the New Mexico Supreme Court erred in granting the State an extension of time and that the presiding judge in his criminal trial "abandon[ed] proper procedure." *Id.* He contends that the State could not have proved him guilty of a felony "with only misdemeanor evidence." *Id.*

Berigan's third claim is for "ineffective assistance of counsel, inadequate representation, coersion" in violation of the Fourteenth and Sixth Amendment. *Id.* at 11. In support, he contends that his public defenders violated rules of professional conduct by withholding evidence from him, attempting to coerce him to plead guilty when there was not sufficient evidence on which to base a felony conviction, and by stipulating to continuances. *See id.*

Claim four is for a repeated violation of his right to "fundamental right to a fair and impartial tribunal." *Id.* at 12. In support, Berigan complains that Judge Sanchez did not allow him a pre-trial conference to view evidence and that Judge Sanchez "knowingly permitted state to maliciously prosecute Plaintiff for a felony when the preponderance of the evidence would result in a misdemeanor conviction or quite possibly none at all." *Id.*

Claim Five is again for "malicious and vindictive prosecution." *Id.* at 13. In support of this claim, Berigan complains that District Attorney "David L. Waymire procured an indictment based on perjured testimony [of Officer Smith] and a criminal complaint." *Id.* He contends that a 2" laceration cannot result in death or cause great bodily harm, so the State knew from the beginning that it could not prove that Berigan had committed the felony of aggravated battery. *See id.* He contends that the State, therefore, deprived him "of liberty by distortion and corruption of processes of law . . . ." *Id.* at 15.

## II. Analysis

### A. The State is immune from suit.

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). "Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* Berigan does not allege in his Complaint that New Mexico has waived its Eleventh-Amendment immunity. For these reasons, the Court concludes that it lacks subject-matter jurisdiction over Berigan's § 1983 claims against the State, and they must be dismissed without prejudice. *See id.* at 1181.

### B. Berigan has not alleged sufficient facts to state a § 1983 claim against Bernalillo County.

Berigan has not alleged any facts regarding Bernalillo County. Instead, he apparently brings suit against it based on his erroneous belief that district attorneys or public defenders are county employees. District attorneys and public defenders are state, not county, employees. No matter where a District Attorney's Office or a Public Defender's Office is located, they are arms of the state. *See Jackson v. N.M. Public Defender's Office,* 361 Fed. App'x. 958, 961, 2010 WL 227569,

*2 (10th Cir. Jan. 22, 2010) (affirming *sua sponte* dismissal of claims against offices of district attorneys and public defenders because they are "protected from suit by the Eleventh Amendment").

Because Berigan has alleged no facts regarding Bernalillo County and it appears that he cannot state an actionable claim against it based on the other allegations in his Complaint, his claims against it must be dismissed. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (noting that, to hold a city or county liable for alleged civil-rights violations, a plaintiff must show that the "action was taken with the requisite degree of culpability and must demonstrate a *direct causal link* between the [entity's] action and the deprivation of federal rights").

## C.      The Court will not permit substitution of individual defendants for the named defendants.

Berigan has not named as defendants any of the individuals who he specifically discusses in his Complaint. The Court will not, however, allow him an opportunity to amend his Complaint to substitute the individuals as parties in place of the State and Bernalillo County Defendants because his allegations do not state cognizable federal claims under § 1983 against the individuals. For example, because all of Judge Sanchez's actions or failures to act described in the Complaint were judicial in nature, Judge Sanchez is protected from suit by the doctrine of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

Similarly, a District Attorney has absolute prosecutorial immunity for prosecutorial actions taken in the grand-jury, indictment, and trial-proceedings contexts. "[A] prosecutor is entitled to

absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case.  Absolute immunity, however, does not extend to those actions that are investigative or administrative in nature, including the provision of legal advice outside the setting of a prosecution." *Mink v. Suthers*, 482 F.3d 1244, 1261-62 (10th Cir. 2007); *Kalina v. Fletcher*, 522 U.S. 118, 129-130 (1997) (holding that a prosecutor was absolutely immune from suit for her role in the preparation and filing of an information, including "her drafting of the certification, her determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and the motion to the court . . . indeed, even the selection of the particular facts to include in the certification to provide the evidentiary support for the finding of probable cause" because that "was part of the advocate's function").  Thus, Waymire would be absolutely immune for his role in procuring an indictment.

Insofar as Berigan may be arguing that District Attorney Waymire knowingly overcharged him or based the indictment on "perjured" facts because the evidence shows only that Berigan cut the victim and not that the victim actually suffered "great bodily harm" or death, his premise is faulty.  Under New Mexico law, "[w]hoever commits aggravated battery inflicting great bodily harm *<u>or</u> does so with a deadly weapon <u>or</u> does so in any manner whereby great bodily harm or death <u>can</u> be inflicted* is guilty of a third degree felony."  N.M.S.A. 1978 § 30-3.5(C) (italics and underlining added).  A "deadly weapon" includes "any weapon *which is capable of* producing death or great bodily harm, including but not restricted to any types of daggers, brass knuckles, switchblade knives, bowie knives, poniards, butcher knives, dirk knives and all such weapons with which dangerous cuts can be given." N.M.S.A. 1978 § 30-1-12(B) (italics added).  Thus, because Berigan concedes in his Complaint that he cut the victim with a knife that apparently was *capable* of inflicting great bodily harm or death, Berigan has failed to allege any facts to support claims that Officer Smith committed


perjury or that Waymire knowingly used perjured testimony to charge Berigan with a felony instead of only a misdemeanor.

And insofar as Berigan may be attempting to sue his public defenders under state law for malpractice for their alleged unsuccessful coersion techniques, failure to show him the evidence or obtain pre-trial interviews with witnesses, and willingness to stipulate to continuances, his claims are statutorily barred.  *See Coyazo v. State*, 120 N.M. 47, 53, 897 P.2d 234, 240 (Ct. App. 1995) (holding that "the Indigent Defense Act and the Tort Claims Act provide complete immunity for all possible professional malpractice claims against attorneys providing criminal defense representation for indigent persons," including public defenders).

**IT IS ORDERED** that Berigan's application to proceed IFP (Doc. 2) is DENIED; that his claims against the State will be dismissed without prejudice for lack of subject-matter jurisdiction; and that his claims against Bernalillo County will be dismissed with prejudice.

                                                                            _____
                                                                            SENIOR UNITED STATES DISTRICT JUDGE